IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Teresa Ann Anderson, | ) | Civil Action No.: 8:19-1548-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Andrew Saul, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This action is brought pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Teresa Ann Anderson's ("Plaintiff") claim for disability insurance benefits.  The record includes the report and recommendation ("Report") of United States Magistrate Judge Jacquelyn D. Austin, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits.  Plaintiff filed objections to the Report, the Commissioner filed a reply to Plaintiff's objections, and the matter is ripe for review.  *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy).  For the reasons stated below, the Court adopts the Magistrate Judge's Report and affirms the Commissioner's final decision denying benefits.

**BACKGROUND**

Plaintiff filed for disability insurance benefits in October of 2014, alleging disability beginning on October 16, 2014.  Plaintiff's application was denied initially and upon

reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). On February 12, 2018, the ALJ issued a decision denying Plaintiff's claim. The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review on May 29, 2019.

## STANDARDS OF REVIEW

### I.    The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### II.    Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the

Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

**I.    The Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to

3

determine whether, based upon the medical evidence, the claimant has a severe impairment.  20 C.F.R. § 404.1520(c)  If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations.  20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I.  If so, the claimant is disabled.  If not, the next inquiry considers if the impairment prevents the claimant from returning to past work.  20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step.  *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993).  The burden of production and proof remains with the claimant through the fourth step.  Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience.  *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 16, 2014, the alleged onset date.  Next, the ALJ determined that Plaintiff has the following severe impairments: tennis elbow, degenerative joint disease, and obesity.  The ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform the full range of medium work as defined in 20 C.F.R. §§ 404.1567(c).  The ALJ found that Plaintiff is capable of performing past relevant work as a cashier checker and merchandiser.  Thus, the ALJ

found that Plaintiff has not been under a disability from October 16, 2014, through the date of the decision.

## II.    The Court's Review

In this action, Plaintiff asserts that the ALJ erred in developing her residual functional capacity ("RFC") by failing to properly consider and evaluate the following: Plaintiff's anxiety; her ability to sustain work activity, to bend and stoop, and to use her arms and hands; and the side effects of her medications.    The Magistrate Judge thoroughly considered Plaintiff's claims, outlined the ALJ's findings and found as follows.  First, with respect to Plaintiff's alleged anxiety, the Magistrate Judge noted that Plaintiff never alleged disability based on anxiety and that the record does not contain any diagnosis of anxiety. Thus, the Magistrate Judge found that the ALJ did not err by failing to consider Plaintiff's anxiety.  Next, the Magistrate Judge noted that Plaintiff never alleged disability based on an impairment that would impede her ability to bend or stoop, and that Plaintiff did not check bending as being affected by her conditions.  Likewise, Plaintiff never listed any medication side effects and denied any medication side effects.    Accordingly, the Magistrate Judge found that the ALJ did not err by failing to limit Plaintiff's ability to bend and stoop or by failing to address side effects of medication.  Finally, with respect to Plaintiff's assertion that she is limited in her ability to use her arms and hands and that she is unable to sustain work activity, the Magistrate Judge found that Plaintiff failed to point to any evidence in the record that the ALJ did not consider.  In all, therefore, the Magistrate Judge found the ALJ's decision supported by substantial evidence and that the ALJ provided an adequate explanation of the reasons supporting the decision.

Plaintiff filed objections to the Magistrate Judge's Report, but Plaintiff's objections do not specifically respond to any portion of the Report or point to any factual or legal errors in the Magistrate Judge's analysis. Instead, Plaintiff's objections merely reiterate the exact same arguments presented in her brief. In fact, it is fair to say that Plaintiff's objections are simply a regurgitation of her brief. For example, page one of Plaintiff's objections was copied directly from pages one and two of Plaintiff's brief. (*Cf.* ECF No. 13 at 1-2 and ECF No. 28 at 1.) Pages two, three, and four of Plaintiff's objections were copied directly from pages six, seven, and eight of her brief. (*Cf.* ECF No. 13 at 6-8 and ECF No. 28 at 2-4.) And pages five and six of Plaintiff's objections were copied directly from pages nine, ten, and eleven of her brief. (*Cf.* ECF No. 13 at 9-11 and ECF No. 28 and 5-6.)

The United States District Court for the Western District of Virginia once reviewed objections to a Magistrate Judge's Report that were copied directly from prior pleadings and determined that this practice does not constitute the submission of specific, written objections and does not entitle a plaintiff to *de novo* review. *See Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D.Va. 2008). In *Veney*, the plaintiff's objections were "an almost verbatim copy of the 'Argument' section" of the plaintiff's brief, and the court explained that it was improper for Plaintiff "to seek re-argument and reconsideration of her entire case in the guise of objecting." *Id.* at 844; *see also Hobek v. Boeing Company*, 2017 WL 3085856, *2 (D.S.C. July 20, 2017). The court explained: "'The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.'" 539 F. Supp. 2d at 845 (citation omitted).

6

Likewise, the Fourth Circuit has held that "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). There the court explained:

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

478 F.3d at 22.

Here, the Court finds that Plaintiff's objections, which are nothing more than a repackaging of her prior pleading, lack sufficient specificity to entitle Plaintiff to *de novo* review. Stated plainly, Plaintiff is not entitled to the second bite of the apple that she seeks. In addition, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law in her thorough Report, and the Court fully agrees with the Magistrate Judge's analysis. Accordingly, the Court adopts the Magistrate Judge's Report and overrules Plaintiff's non-specific objections.

## CONCLUSION

Based on the foregoing, it is ordered that the Magistrate Judge's Report (ECF No. 24) is adopted in full and specifically incorporated herein; Plaintiff's objections (ECF No. 28) are overruled; and the Commissioner's final decision denying benefits is affirmed.

7

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

February 26, 2021
Charleston, South Carolina